**CROSNER LEGAL, P.C.**
Brandon Brouillette (SBN 273156)
Zachary M. Crosner (SBN 272295)
9440 Santa Monica Blvd. Suite 301
Beverly Hills, CA 90210
Tel: (866) 276-763
Fax: (310) 510-6429
bbrouillette@crosnerlegal.com
zach@crosnerlegal.com

Attorneys for Plaintiff,
CARMIN WONG

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| CARMIN WONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MATTRESS FIRM, INC.; and DOES 1-100, inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **VIOLATION OF CALIFORNIA'S CONSUMERS LEGAL REMEDIES ACT**<br>2. **VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW [CAL. BUS. § 17200, ET. SEQ.]**<br><br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

1

CLASS ACTION COMPLAINT

Plaintiff CARMIN WONG ("Plaintiff Wong" or "Plaintiff") brings this action against MATTRESS FIRM, INC.; and DOES 1-100, inclusive, (collectively referred to herein as "Defendants" and/or "Mattress Firm"), individually and on behalf of all others similarly situated, and alleges upon personal knowledge as to Plaintiff's acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a consumer protection action that seeks to remedy Defendants' unlawful and deceptive business practices with respect to misleading sale promotions advertised in Defendants' retail brick and mortar locations as limited time discounted offers that, in reality, never end.

2. Advertised "sale" prices are important to consumers as they are more likely to purchase an item if they know they are getting a good deal. If consumers think a sale will end soon, they are more likely to buy now, rather than wait, comparison shop, and/or buy a different product.

3. While there is nothing wrong with legitimate sales, fake sales that include made-up regular prices, made-up discounts, and made-up expirations are deceptive and illegal. Defendants' supposed "sales" are just that – fake, deceptive, and illegal.

4. As the Federal Trade Commission advises in its *Guides Against Deceptive Pricing*, it is deceptive to make up an "artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" of that price. 16 C.F.R § 233.1. As a result, false sales violate California's general prohibition on unfair and deceptive business practices. *See* Cal. Bus. Prof. Code § 17200 ("UCL").

5. Additionally, California law provides that "No price shall be advertised as a former price unless the alleged former price was the prevailing market price …

CLASS ACTION COMPLAINT

within three months next immediately preceding" the advertising. Cal. Bus. & Prof. Code § 17501 ("FAL").

6.    Here, Defendants manufacture, market, advertise, and/or sell mattresses, and mattress related products, including box springs and bed bases, pillows, bedding, and furniture among other related products (the "Products"). The Products are sold in store through Defendants' retail locations where Plaintiff made her purchases and online through Defendants' website, mattressfirm.com.

7.    Defendants prominently advertise sales for mattresses and related products in their retail locations in California and online through their website. These advertisements include large discounts, such as up to 46% off purported "regular" prices, purported discounts, and sale end dates that purportedly indicate when the sale will end.

8.    In reality, everything about these advertisements is false. The sales Defendants advertise are not limited time-events where the Products are marked down from their regular retail prices because Defendants' Products never retail at the purported regular price listed in strikethrough font. In fact, the Products always retail at a much lower price than the "regular" price. And when the sale end date expires, the sales do not end. Instead, they are immediately replaced by a different sale offering comparable discounts or Defendants simply set a new purported sale end date. Defendants' false and misleading sales practices violate provisions of the California's Consumer Legal Remedies Act, the UCL, and the FAL.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this lawsuit under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because this is a proposed class action in which: (i) there are at least 100 class members; (ii) the aggregate amount in controversy

CLASS ACTION COMPLAINT

exceeds $5,000,000, exclusive of interest and costs; and (iii) at least one putative class member and one Defendant are citizens of different states.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district. As set forth herein, Defendants own and operate several retail locations within this district from which it has marketed, advertised, and sold goods to Plaintiff and Class Members.

11. This Court has personal jurisdiction over Defendants because Defendants conduct and transact business in the State of California though their retail locations and website and Plaintiff is a resident of the State of California.

## PARTIES

12. Plaintiff CARMIN WONG ("Plaintiff Wong") is an individual consumer who, at all times relevant to this action, was a citizen of and resided in California.

13. Plaintiff Wong purchased including but not limited to, mattress(es), from Defendants' store(s) located in San Francisco, California, on or around including but not limited to, the following dates: December 17, 2021, May 27, 2022 and December 18, 2022.

14. Defendant MATTRESS FIRM, INC. is a Delaware Corporation that at all relevant times, was authorized to do business in the State of California and is doing business in California. Defendant MATTRESS FIRM, INC. does business as Mattress Firm.

15. The true names and capacities of the DOE Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues each such Defendant by said fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff

4

CLASS ACTION COMPLAINT

will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Doe Defendants when such identities become known.

16.    Plaintiff is further informed and believes that, at all relevant times, each Defendant was the principal, agent, partner, joint venturer, officer, director, controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or predecessor in interest of some or all of the other Defendants, and was engaged with some or all of the other defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged in this complaint. Plaintiff is further informed and believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, and that at all relevant times, each Defendant knew or should have known about, authorized, ratified, adopted, approved, controlled, aided and abetted the conduct of all other Defendants.

## FACTUAL ALLEGATIONS

17.    Defendants manufacture, advertise, market, and/or sell mattresses, among other related products directly to consumers through in their stores and on the website, mattressfirm.com.

18.    Defendants' website and in-store advertisement displays create an illusion that consumers are receiving a limited-time discount. Defendants do this by advertising misleading limited-time sales, false "regular" prices, and fake discounts based on the purported regular price.

19.    Defendants' in-store purported sales frequently advertise up to at least 69 % discounts off purported regular prices and advertise a purported limited-time discount and/or purported sale-end date.

20.    For example, at one of Defendants' store(s)/location(s) in San Francisco, California, on or around including but not limited to, December 17, 2021, Defendants

CLASS ACTION COMPLAINT

advertised a limited time in-store sale offering up to 46% off the Sleepys Memory Foam Doze Mattress Twin Prime: $799.99 down to $374.00.

21.    Similarly, at one of Defendants' retail location(s) in San Francisco, California, on or around May 27, 2022, Defendants advertised a limited time in-store sale offering up to 46% off the Doze 10" Medium Memory Foam Mattress-Prime-Twin.

22.    Notably, Plaintiff's receipt for Plaintiff's May 27, 2022 purchase of the Doze 10" Medium Memory Foam Mattress-Prime-Twin displays a purported usual retail price of $799.99 next to the purportedly reduced price ("Extended Price") of $374.00.

23.    Plaintiff Wong made an additional instore purchase at one of Defendants' retail locations in San Francisco, California, on or around December 18, 2022: Curve 12" Medium Memory Foam Mattress – Prime – Queen.

24.    Plaintiff Wong's receipt for her December 18, 2022 purchase(s) of the Curve 12" Medium Memory Foam Mattress – Prime – Queen displays a purported usual retail price of $1,399.99 next to the purportedly reduced price ("Extended Price") of $674.00.

25.    Like other customers, when Plaintiff Wong bought the mattresses, Defendants advertised that a purported sale was going on and that the product(s) were heavily discounted. When Plaintiff Wong purchased the mattresses from Defendants' store the retail display signs indicated that the purported sale would end in a limited time. Plaintiff Wong believed that the mattress(es) Plaintiff Wong purchased usually retailed for the displayed regular price(s) of $799.99 and/or $1,399.99. Plaintiff Wong further believed that she was getting a substantial discount from the regular price as the advertised sale purportedly discounted the price down to $674.00 and/or $374.00.

CLASS ACTION COMPLAINT

Plaintiff Wong also believed that the sale would end soon as a result of Defendants' prominently displayed purported sale-end time.

39. As described above, when Plaintiff Wong purchased Defendants' Products, Plaintiff Wong believed the Products were on sale for a limited time, however, as described herein Defendants' purported sales are not limited in time and/or start immediately after the previous sale ends.

40. Moreover, based on information and belief, the Products Plaintiff Wong purchased never retail for the price that Defendants advertise as the regular price(s)/strikethrough price(s).

41. On information and belief, Defendants' in-store advertisements and purported discounts mirrored the discounts that were advertised on Defendant's website, mattressfirm.com. The listed sales prices on Defendant's website during the relevant statutory period can be found on publicly available internet archives of Defendant's website.  The prices listed on these archives show that the products that Plaintiff purchased were never sold at the stated original retail prices, including within three months from the dates that Plaintiff purchased each mattress from Defendant.

42. When Plaintiff Wong made Plaintiff Wong's purchase(s), the Products were purportedly on sale for a limited amount of time. Plaintiff relied on these representations at the time of purchase.

43. In reality, these sales, were not for a limited time, and on information and belief, the products offered for sale by Defendants, including the Products Plaintiff Wong purchased, were never actually sold at the listed retail price on which the purported discounted price is based within at least three months of her purchase, or even at any time within the relevant statutory period. Moreover, Defendants run the same and/or similar sale(s) for more than three months such that the Products are never offered at the advertised "original" price in violation of California law.

CLASS ACTION COMPLAINT

44. For example, throughout the class period Defendants have routinely run the same sale for over ninety days, simply retitling the sale with a different name in accordance with a different theme, holiday or season (e.g., "Presidents Day," "Memorial Day Sale," "Fourth of July") with each so-called sale running immediately into the next, such that the Product(s) are never actually sold at their "regular prices."

45. Class Members, including but not limited to, Plaintiff Wong, relied on the represented list prices falsely believing they were in fact the prices that the Products were normally offered for sale outside the limited timeframe when a discounted sale price was offered.

46. By listing fake regular prices and fake discounts, Defendants mislead consumers into believing that they are getting a good deal, and that they need to act fast in order to get the deal.

**A. Defendants' advertisements violate California Law**

47. As the Federal Trade Commission states in its' *Guides Against Deceptive pricing,* "where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction – the 'bargain' being advertised is a false one." 16 C.F.R. § 233.1. Advertising such false "bargains" is false, misleading, and unfair. Accordingly, it violates California's Unfair Competition law, which bans unlawful, unfair, or fraudulent" business acts and practices. *See* Cal. Bus. & Prof. Code § 17200.

**California's Consumers Legal Remedies Act**

48. In addition, California's Consumers Legal Remedies Act, specifically prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions." Cal. Civ. Code § 1770(a)(13). Defendants' advertisements make false statements regarding the time limits of the sale, when in fact the sale continues on a daily basis. Defendants' advertisements also

CLASS ACTION COMPLAINT

make false statements about the existence of the sale, and the amounts of price reductions, when in fact, the Products are never sold at the advertised "regular" price.

**California's False Advertising Law**

49.   Further, under California law, "No price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding"). Cal. Bus. & Prof. Code § 17501. As described in further detail above, Defendants advertise their Products using alleged former prices that were not the prevailing market prices within the preceding three months.

**California's Unfair Competition Law**

50.   Moreover, the UCL defines unfair business competition to include any "unlawful, unfair, or fraudulent" act or practice. Cal. Bus. & Prof. Code § 17200.

51.   A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

52.   In addition, a business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

53.   Defendants' conduct violated California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(1)(13), and California's unfair competition laws by advertising fake sales – that is, sales with made up regular prices, made up discounts, and made up expirations that misled consumers.

**Defendants' advertisements harm consumers.**

54.   Based on Defendants' advertisements, reasonable consumers would expect that the listed regular prices are prices that Defendants sells its Products for. Reasonable consumers would also expect that, if they purchase during the sale, they will receive a discount from the regular purchase price.

CLASS ACTION COMPLAINT

55. In addition, consumers are more likely to buy the product if they believe that the product is on sale and that they are getting a substantial discount.

56. Consumers that are presented with discounts are substantially more likely to make the purchase. For example, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[1]

57. As such, Defendants' advertisements harm consumers by inducing them to make purchases based on false information.

**Plaintiff was misled by Defendants' Misrepresentations.**

58. On or around May 27, 2022, and December 18, 2022, Plaintiff Wong made in-store purchases at Defendants' store(s) and/or location(s) in San Francisco County. Specifically, Plaintiff Wong made an instore purchase at one of Defendants' retail location(s) in San Francisco, California, on or around May 27, 2022: Doze 10" Medium Memory Foam Mattress-Prime-Twin. Plaintiff Wong made an additional instore purchase at one of Defendants' retail locations in San Francisco, California, on or around December 18, 2022: Curve 12" Medium Memory Foam Mattress - Prime - Queen.

59. Like other customers, when Plaintiff Wong bought the mattresses, Defendants advertised that a purported sale was going on and that the product(s) were heavily discounted. When Plaintiff Wong purchased the mattress(es) from

---

[1] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com). https://www.prnewswire.com/news-releases/retailmenot-survey-deals-and-promotional-offers-drive-incremental-purchases-online-especially-among-millennial-buyers-300635775.html#:~:text=SocialBoost-,RetailMeNot%20Survey%3A%20Deals%20and%20Promotional%20Offers%20Drive%20Incremental%20Purchases%20Online,finding%20a%20coupon%20or%20discount. Last visited on April 16, 2024.

CLASS ACTION COMPLAINT

Defendants' store the retail display signs indicated that the purported sale would end in a limited time. Plaintiff Wong believed that the mattress(es) Plaintiff Wong purchased usually retailed for the displayed regular prices of $799.99 and $1,399.99. Plaintiff Wong further believed that she was getting a substantial discount from the regular price as the advertised sale purportedly discounted the $799.99 price down to $374.00, and the $1,399.99 price down to $645.00. Plaintiff Wong also believed that the sale would end soon as a result of Defendants' prominently displayed purported sale-end time.

60. As described above, when Plaintiff Wong purchased Defendants' products in store, Defendants advertised these products as being on a limited time sale and at a discount from a purported regular price, and Plaintiff Wong believed the Products were on sale for a limited time.

61. Moreover, based on information and belief, Defendants' products, including but not limited to, the Product(s) Plaintiff Wong purchased, never retail for the price(s) that Defendants advertise as the regular price(s)/strikethrough price(s).

62. Plaintiff Wong read and relied on the representations advertised in Defendants' stores indicating that the Product(s) had the advertised "regular" price(s), and that they were receiving a discount as compared to the regular price(s). Plaintiff Wong would not have purchased the products if Plaintiff Wong knew that Defendants' Products were not on sale, and that Plaintiff Wong was not in fact receiving a discount.

## CLASS ALLEGATIONS

63. Plaintiff brings this class action pursuant Cal. Code. Civ. Proc. § 382 on behalf of the following class ("Class" or "Class Members"):

> All persons who, while in the state of California, purchased one or more of Defendants' Products advertised at a discount on in any one or more of DEFENDANTS' stores at any time from four years

11

CLASS ACTION COMPLAINT

preceding the filing of this Complaint through certification.

64. Excluded from the from the Class are: (i) Defendants and their officers, directors, and employees; (ii) any person who files a valid and timely request for exclusion; and (iii) judicial officers and their immediate family members and associated court staff assigned to the case.

65. Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendants, or otherwise.

66. The Class is appropriate for certification because Plaintiff can prove the elements of the claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

67. Numerosity: Class Members are so numerous that joinder of all members is impracticable. Plaintiff believes that there are hundreds of consumers who are Class Members described above who have been damaged by Defendants' practices.

68. Commonality: There is a well-defined community of interest in the common questions of law and fact affecting all Class Members. The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

   a. Whether Defendants made false or misleading statements of fact in their advertisements;

   b. Whether Defendants violated state consumer protection statutes;

   c. Whether Defendants practices violate California's Consumers Legal Remedies Act;

   d. Whether Defendants practices violate California's Unfair Competition law, California Business and Professions Code sections 17200, *et. seq.*,

CLASS ACTION COMPLAINT

e.  Damages needed to reasonably compensate Plaintiff and Class Members; and

f.  Whether Plaintiff and the proposed Class Members are entitled to an award of reasonable attorneys' fees, pre-judgment interest and costs of this suit.

69.  <u>Typicality</u>: Plaintiff is a member of the Class Plaintiff seeks to represent. Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same unlawful conduct and purchased the Products advertised at a discount at one or more of Defendants' brick and mortar retail locations. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

70.  <u>Adequacy</u>: Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the Class Members Plaintiff seeks to represent; the alleged claims are common to all other members of the Class, and Plaintiff has a strong interest in vindicating Plaintiff's rights; Plaintiff has retained counsel competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff has no interests which conflict with those of the Class. The Class Members' interests will be fairly and adequately protected by Plaintiff and proposed Class Counsel. Defendants have acted in a manner generally applicable to the Class, making relief appropriate with respect to Plaintiff and the Class Members. The prosecution of separate actions by individual Class Members would create a risk of inconsistent and varying adjudications.

71.  <u>Predominance and Superiority</u>: The questions of law and fact common to the Class, including but not limited to those set forth above, will predominate over any questions affecting individual class members making class treatment an efficient way to resolve the common questions for all Class Members in a single adjudication.

CLASS ACTION COMPLAINT

The Class is properly brought and should be maintained as a class action because a class action is superior to traditional litigation of this controversy. A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

a. The joinder of hundreds of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive to justify individual actions;

c. When Defendants' liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

d. This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

e. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

f. This class action will assure uniformity of decisions among Class Members;

g. The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation; and

h. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action;

14

CLASS ACTION COMPLAINT

72.     In the alternative, the Class also may be certified because Defendants have acted or refused to act on grounds generally applicable to the Class thereby making final declaratory with respect to the members of the Class as a whole, appropriate.

73.     Plaintiff seeks equitable relief on behalf of the Class, on grounds generally applicable to the Class, to require Defendants to provide full restitution to Plaintiff and Class members.

74.     Unless the Class is certified, Defendants will retain monies that were taken from Plaintiff and Class members as a result of Defendants' wrongful conduct.

## FIRST CAUSE OF ACTION
### Violation of California's Consumers Legal Remedies Act
### (On behalf of Plaintiff and Class Members Against Defendants)

75.     Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

76.     Plaintiff brings this cause of action on behalf of Plaintiff and Class Members.

77.     Plaintiff and Class Members are "consumers," as the term is defined by California Civil Code § 1761(d).

78.     Plaintiff and Class Members have engaged in "transactions" with Defendants as that term is defined by California Code Civil Procedure § 1761(e).

79.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendants in transactions intended to result in, and which did result in the sale of goods to consumers.

80.     As alleged fully above, Defendants made and disseminated untrue and misleading statements of facts in their advertisements to Class Members. Defendants

15
CLASS ACTION COMPLAINT

did this by advertising limited-time offers that were not limited in time, using fake regular prices, and advertising fake discounts.

81. Defendants violated, and contuse to violate, §1770(a)(13) of the California Civil Code by making false or misleading statements of fact concerning reasons for existence of, or amount of, price reductions on its in-store displays. Defendants have violated § 1770(a)(13) by (1) misrepresenting the regular price of products in its stores, (2) advertising discounts and saving that are exaggerated or nonexistent, (3) misrepresenting that the discounts and savings in its stores are available only for a limited time, when in fact they are not, and (4) regularly available.

82. Defendants violated, and continue to violate, § 1770(a)(5) of the California Civil Code by representing that products offered for sale in its stores have characteristics or benefits that they do not have. Defendants represent that the value of their Products is greater than it actually is by advertising inflated regular prices and fake discounts for products.

83. Defendants violated, and continue to violate, § 1770(a)(9) of the California Civil Code. Defendants violated this by advertising its products as being offered at a discount, when in fact Defendants do not intend to see the products at a discount.

84. Defendants' representations were likely to deceive, and did deceive, Plaintiff and other Class Members. Defendants knew, or should have known through exercise of reasonable care, that these statements were inaccurate and misleading.

85. Defendants' misrepresentations were intended to induce reliance, and Plaintiff saw, read and reasonably relied on them when purchasing Defendants' Products. Defendants' misrepresentations were a substantial factor in Plaintiff's purchase decision.

CLASS ACTION COMPLAINT

86. In addition, class-wide reliance can be inferred because Defendants' misrepresentations were material, i.e., reasonable consumers would consider them important in deciding whether to buy Defendants' Products.

87. Defendants' misrepresentations were substantial factor and proximate cause in causing damages and losses to Plaintiff sand Class Members.

88. Plaintiff and Class members were injured as a direct and proximate result of Defendants' conduct because (a) they would not have purchased Defendants' Products if they had known that the discounts, regular prices, and/or the limited-time offers were not real, and/or (b) they would have paid less for the Products.

89. Pursuant to California Civil Code § 1782 of the CLRA, on October 16, 2025, Plaintiffs notified Defendants in writing by certified mail of the particular violations of § 1770 of the CLRA and demanded that Defendants rectify the problems associated with the acts and practices described above. A copy of the letter is attached as **EXHIBIT 1.** Defendants have failed to rectify the problems associated with the actions detailed above.

90. Accordingly, pursuant to California Civil Code § 1780(a)(1)(3)(4) and (5), Plaintiff, on behalf of Plaintiff and all other Class Members, seeks actual damages, restitution, punitive damages, and any other relief that the Court deems proper.

## SECOND CAUSE OF ACTION
### Violation of California Unfair Competition Law ("UCL")
### Cal. Bus. & Prof. Code § 17200 *et seq.*
### (On behalf of Plaintiff and Class Members Against Defendants)

91. Plaintiff re-alleges and incorporates by reference all allegations set forth in the preceding paragraphs as if fully set forth herein.

92. Defendants have violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

***The Unlawful Prong***

93. Defendants have violated the UCL's "unlawful prong" as a result of its violations of the CLRA, as set forth above, California's False Advertising Law, and the Federal Trade Commission Act ("FTCA"), as alleged herein.

94. The California False Advertising Law, codified at California Business & Professions Code section 17500, et seq. (the "FAL") provides that it is unlawful for any business, with intent directly or indirectly to dispose of personal property, to make or disseminate in any "manner or means whatever, including over the Internet, any statement, concerning that . . . personal property . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]" Cal. Bus. & Prof. Code § 17500. The "intent" required by section 17500 is the intent to dispose of property, and not the intent to mislead the public in the disposition of such property.

95. Cal Bus. & Prof. Code § 17501, provides:

For the purpose of this article the worth or value of any thing advertised is the prevailing market price[2], wholesale if the offer is at wholesale, retail if the offer is at retail, at the time of publication of such advertisement in the locality wherein the advertisement is published.

---

[2] The term "prevailing market price" refers to the retail [price] if the offer is at retail. Cal. Bus. & Prof. Code § 17501.

18

CLASS ACTION COMPLAINT

No price shall be advertised as a former price of any advertised thing, [3] unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

96.   The Federal Trade Commission Act ("FTCA") prohibits the pricing scheme employed by Defendant, stating:  "[i]f the former price is set forth in the advertisement, whether accompanied or not by descriptive terminology such as "Regularly," "Usually," "Formerly," etc., the advertiser should make certain that the former price is not a fictitious one." 16 C.F.R. § 233.1 (a).

97.   The FTCA also prohibits "unfair or deceptive acts or practices in or affecting commerce[.]" 15 U.S.C. § 45(a)(1).

98.   Pursuant to 16 C.F.R. § 233.1, entitled "Former Price Comparisons":

(a) One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the *former price* is the actual, bona fide price at which the article was offered to the public on a *regular basis* for a *reasonably substantial period of time*, it provides a price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious – for example, where an *artificial, inflated price* was established for the purpose of enabling the

---

[3] The term "advertised thing" refers to the exact same prodct offered and not an equivalent or similar product. *See People v. Superior Ct. (J.C. Penney Corp.),* 34 Cal. App. 5th 376, 412 (2019) ("if the advertisement specifies a precise item—say, by reference to name, brand, or other distinctive features . . . the market and therefore the market price is potentially determined on the basis of sales of that item only.")

CLASS ACTION COMPLAINT

subsequent offer of a large reduction – the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects.

(b) A former price is not necessarily fictitious merely because no sales at the advertised price were made. The advertiser should be especially careful, however, in such a case, that the price is one at which the product was openly and actively offered for sale, for a ***reasonably substantial period of time***, in the ***recent***, regular course of her business, honestly and in good faith – and, of course, not for the purpose of establishing a fictitious higher price on which a deceptive comparison might be based.

99.    The FTCA also prohibits retailers from offering fake limited duration sales, stating: "[Retailers] should not offer an advance sale under circumstances where they do not in good faith expect to increase the price at a later date, or make a 'limited' offer which, in fact, is not limited. 16 C.F.R. § 233.5.

100.  Through its conduct as alleged herein, Defendants have violated and continues to violate § 1770(a)(5), (9), and (13) of the California Civil Code, §§ 17500 and 17501 of the California Business & Professions Code, and the FTCA.

***The Deceptive Prong***

101.  As alleged in detail above, Defendants' representations that their Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts were false and misleading.

102. Defendants' representations were misleading to Plaintiff and other reasonable consumers.

CLASS ACTION COMPLAINT

103. Plaintiff relied on Defendants' misleading representations and omissions, as detailed above.

**The Unfair Prong**

104. As alleged in detail above, Defendants committed "unfair" acts by falsely advertising that their Products were on sale, that the sale was limited in time, that the products had a specific regular price, and that the customers were receiving discounts.

105. Defendants violated established public policy by violating the CLRA, as alleged above and incorporated here. The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA).

106. The harm to Plaintiff and Class Members greatly outweighs the public utility of Defendants' conducts. There is no public utility to misrepresenting the price of a consumer product. This injury was not outweighed by any countervailing benefits to consumers or competition. Misleading consumer products only injure healthy competition and harm consumers.

107. Plaintiff and the Class Members could not have reasonably avoided this injury.

108. As alleged above, Defendants' representations were deceptive to reasonable consumers, like Plaintiff.

109. Defendants' conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

110. For all prongs, Defendants' misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing Defendants Products. Defendants' representations were a substantial factor in Plaintiff's purchase decision.

CLASS ACTION COMPLAINT

111. In addition, class-wide reliance can be inferred because Defendants' representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Defendants' Products.

112. Defendants' representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and Class Members.

113. Plaintiff and Class Members were injured as a direct and proximate result of Defendants' conduct because (a) they would not have purchased the Products if they had known that they were not discounted, and/or (b) they overpaid for Defendants' Products because the Products are sold at the regular price and not at a discount.

## **JURY DEMAND**

114. Plaintiff demands a trial by jury on all issues so triable.

## **REQUEST FOR RELIEF**

Plaintiff, individually and on behalf of the Class, requests for judgment as follows:

(a)    Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class, and Plaintiff's attorneys as Class Counsel to represent the Class and Class Members;

(b)    An order declaring that Defendants' conduct violates the statutes referenced herein;

(c)    Awarding actual damages, restitution, and punitive damages as may be recoverable pursuant to Cal. Civ. Code § 1780 (a

(d)    Awarding Plaintiff and Class Members restitution and disgorgement where permitted;

(d)    For both pre- and post-judgment interest on any amounts awarded;

CLASS ACTION COMPLAINT

(e)   Awarding Plaintiff and the Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses and cost of suits; and

(f) Granting such other and further relief as the Court may deem just and proper.

Dated: February 13, 2026

**CROSNER LEGAL, P.C.**

By: /s/ Brandon Brouillette
Brandon Brouillette
Zachary M. Crosner

Attorneys for Plaintiff CARMIN WONG

## AFFIDAVIT PURSUANT TO CALIFORNIA CIVIL CODE § 1780(D)

I declare as follows: I am an attorney duly licensed to practice before all of the courts of the State of California. I am an attorney at the law firm of Crosner Legal, P.C., one of the counsel of record for plaintiff in the above-entitled action. Defendants have done, and are doing, business in California, including in this County. Such business includes the marketing, promotion, distribution, and sale of its product at issue.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed February 13, 2026, at Los Angeles, California.

**CROSNER LEGAL, P.C.**

By: /s/ Brandon Brouillette
Brandon Brouillette

23

CLASS ACTION COMPLAINT

# Exhibit 1



Brandon Brouillette, Esq.
9440 Santa Monica Blvd.,
Ste. 301
Beverly Hills, CA 90210

bbrouillette@crosnerlegal.com
office: 1-866-CROSNER
direct: 424-332-3955

---

October 16, 2025

**SENT VIA U.S. CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Mattress Firm, Inc.
3250 BRIARPARK DRIVE
 SUITE 400
HOUSTON, TX 77042

Registered Agent:
1505 Corporation
C T CORPORATION SYSTEM
330 N BRAND BLVD,
GLENDALE, CA

---

|  |  |  |
|---|---|---|
| **Re:** | **Mattress Firm, Inc.'s Unfair Business Practices and Violation of California's Consumers Legal Remedies** | |

---

| Our Client | : | Carmin Wong |
|---|---|---|
| Matter | : | Amended CLRA Demand Letter and Demand to Preserve Evidence |

---

Dear Mattress Firm, Inc.:

We previously sent you a letter providing notice that we represent Carmin Wong ("Plaintiff") and all other similarly situated California consumers[1] in a soon to be filed action against Mattress Firm, Inc. ("Defendant") for Unfair Business Practices and for past and continuing violations of the California Consumers Legal Remedies Act (the "CLRA," codified at Cal. Civ. Code §§ 1750, *et seq*.) related to Defendant's unlawful and deceptive business practices with respect to fake sales and discounted pricing advertised in

---

[1] Plaintiff serves this notice on behalf of all California residents who purchased one or more of Defendant's Products advertised at a discount either **in store** or on Defendant's website during the relevant liability period (the "Class").

CLRA Demand Letter
October 16, 2025
Page 2 of 7

Defendant's stores and on Defendant's website. This letter seeks to clarify that Plaintiff seeks to represent all California residents who purchased one or more of Defendant's Products advertised at a discount either in store or on Defendant's website during the relevant liability period.

Defendant manufactures, markets, advertises, and/or sells mattresses, bedding, sleep-related products, and furniture (the "Products"). The Products are sold in stores at Defendant's retail locations throughout California and online through Defendant's website, https://www.mattressfirm.com/.

Defendant's website prominently advertises sales on its website. These advertisements include ongoing representations that each sale is the "Best Sale of the Year" and Products are marketed as having deep discounts with sale prices slashed from much higher purported "regular" prices.

While there is nothing wrong with legitimate sales, fake sales that include made-up regular prices and made-up discounts are deceptive and illegal. Defendant's supposed "sales" are just that – fake, deceptive, and illegal.

As the Federal Trade Commission advises in its Guides Against Deceptive Pricing, it is deceptive to make up an "artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" of that price. 16 C.F.R § 233.1. As a result, false sales violate California's general prohibition on unfair and deceptive business practices. See Cal. Bus. Prof. Code § 17200.

Additionally, California law provides that "No price shall be advertised as a former price unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising. Cal. Bus. & Prof. Code § 17501.

The sales Mattress Firm advertises are not limited time-events where the Products are marked down from their regular retail prices because Defendant's Products never retail at the purported regular price listed in strikethrough font. In fact, historical pricing data stored on internet archives (web.archive.org) demonstrates that the Products always retail at a much lower price than the "regular" price.

**Plaintiff was misled by Defendant's Misrepresentations**

Plaintiff Wong purchased Products advertised as being on sale, including but not limited to, mattresses, from one or more of Defendant's stores located in San Francisco, California, on or around including but not limited to, the following dates: December 17, 2021, May 27, 2022 and December 18, 2022.

Plaintiff's receipt for Plaintiff's May 27, 2022 purchase of the Doze 10" Medium Memory Foam Mattress-Prime-Twin displays a purported usual retail price of $799.99 next to the

CLRA Demand Letter
October 16, 2025
Page 3 of 7

purportedly reduced price ("Extended Price") of $374.00.

Plaintiff Wong's receipt for her December 18, 2022 purchase(s) of the Curve 12" Medium Memory Foam Mattress – Prime – Queen displays a purported usual retail price of $1,399.99 next to the purportedly reduced price ("Extended Price") of $674.00.

When Plaintiff Wong bought the mattresses, Defendant advertised that a purported sale was going on and that the Products she purchased were heavily discounted. When Plaintiff Wong purchased the mattresses from Defendant's store the retail display signs indicated that the purported sale would end in a limited time. Plaintiff Wong believed that the Products she purchased usually retailed for the displayed regular price(s) of $799.99 and/or $1,399.99. Plaintiff Wong further believed that she was getting a substantial discount from the regular price as the advertised sale purportedly discounted the price down to $674.00 and/or $374.00.

**Defendant's Advertisements Harm Consumers**

Based on Defendant's advertisements, reasonable consumers would expect that the listed regular prices are prices that Defendant sells its Products for. Reasonable consumers would also expect that, if they purchase during the sale, they will receive a discount from the regular purchase price.

In addition, consumers are more likely to buy the product if they believe that the product is on sale and that they are getting a substantial discount.

Consumers that are presented with discounts are substantially more likely to make the purchase. For example, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount." [2]

As such, Defendant's advertisements harm consumers by inducing them to make purchases based on false information.

**Defendant's Conduct Violates California's Consumers Legal Remedies Act**

California's Consumers Legal Remedies Act, specifically prohibits "[m]aking false or misleading statements of fact concerning reasons for, existence of, or amounts of, price

---

[2] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com). https://www.prnewswire.com/news-releases/retailmenot-survey-deals-and-promotional-offers-drive-incremental-purchases-online-especially-among-millennial-buyers-300635775.html#:~:text=SocialBoost-,RetailMeNot%20Survey%3A%20Deals%20and%20Promotional%20Offers%20Drive%20Incremental%20Purchases%20Online,finding%20a%20coupon%20or%20discount. Last visited on November 2, 2023.

CLRA Demand Letter
October 16, 2025
Page 4 of 7

reductions." Cal. Civ. Code § 1770(a)(13). Defendant's advertisements make false statements regarding the time limits of the sale, when in fact the sale continues on a daily basis. Defendant's advertisements also make false statements about the existence of the sale, and the amounts of price reductions, when in fact, the Products are never sold at the advertised "regular" price.

Defendant violated, and continues to violate, §1770(a)(13) of the California Civil Code by making false or misleading statements of fact concerning reasons for existence of, or amount of, price reductions on its website. Defendant violated § 1770(a)(13) by (1) misrepresenting the regular price of Products on its website, (2) advertising discounts and saving that are exaggerated or nonexistent, (3) misrepresenting that the discounts and savings in store  and on its website are available only for a limited time, when in fact they are not, and (4) regularly available.

Defendant violated, and continue to violate, § 1770(a)(5) of the California Civil Code by representing that Products offered for sale on its website have characteristics or benefits that they do not have. Defendant represents that the value of the Products is greater than it actually is by advertising inflated regular prices and fake discounts for products.

Defendant violated, and continue to violate, § 1770(a)(9) of the California Civil Code. Defendant violated this by advertising its products as being offered at a discount, when in fact Defendant does not intend to sell the Products at a discount.

As detailed in the attached Complaint, Defendant's practices also violate California Business and Professions Code §§17200, et seq and §§ 17500, et seq.

While the Complaint constitutes sufficient notice of the claims asserted, pursuant to California Civil Code §1782 and California Commercial Code §2607, we hereby demand on behalf of our client and all others similarly situated that Defendant immediately corrects and rectifies these violations by ceasing the misleading marketing campaigns, ceasing dissemination of false and misleading information as described in the enclosed draft Complaint, and initiating a corrective advertising campaign to re-educate consumers regarding the truth of the Product at issue. In addition, Defendant must offer to refund the purchase price to all consumer purchasers of the Product, plus provide reimbursement for interest, costs, and fees.

**Defendant's Representations Are Ongoing**

Despite having entered into a settlement in the action *Erica Hampton v. Mattress Firm, Inc.,* Case No. 25CU003462C, on behalf of a Settlement Class comprised of "All persons in California who purchased between one to four mattresses in a single transaction from www.MattressFirm.com during the Class Period" from August 1, 2020 through July 16, 2024, related to similar claims, Defendant has continued to engage in the same violative conduct with those representations ongoing through the present day.  Indeed, our research

CLRA Demand Letter
October 16, 2025
Page 5 of 7

indicates that sales displays in store and online continue to advertise strike thru pricing for certain mattresses without regard to having sold those same mattresses at the strike thru price within the last 90 days. By way of example, the queen sized Sleepy's by Sealy Spring Medium is currently listed on sale for $699.99 with an original strike thru price of $1099.99 (30% off), as shown below.



This same mattress has been listed on sale throughout the year, including on May 27, 2025

CLRA Demand Letter
October 16, 2025
Page 6 of 7

($789.99 with original price of $1,299.99), July 22, 2025 ($699.99 with original price of $1,299.99), and September 27, 2025 ($699.99 with original price of $1,099.99). Moreover, at no time did we see this mattress in stock and listed for sale at either original listed price.

**How to Resolve These Matters**

Defendant has thirty (30) days to correct, repair, or otherwise rectify the aforementioned violations. Plaintiff demands Defendant immediately cease the misconduct described herein, disgorge the profits derived from this misconduct, and make restitution to our client and all similarly situated California consumers who purchased the Product.

In addition, Plaintiff requests that Defendant allow us to verify, by depositions or other methods, how many consumers were affected by Defendant's improper conduct, that Defendant has implemented any resolution we reach, and that Defendant has implemented procedures to prevent the improper conduct from reoccurring.

**Preservation Request**

This letter also constitutes notice to Defendant that it is not to destroy, conceal or alter in any manner whatsoever any evidence, documents, merchandise, information, paper or electronically stored information or data, and/or other tangible items or property potentially discoverable in the above-referenced matter, including but not limited to documents that relate to the Products, since its inception: in store and online advertising and marketing; Products' "regular" price and when Products were sold at such price; Products' "sale" price and when Products were sold at such price; Defendant's website and Defendant's regular pricing and sale pricing; expiration of sales; length of each purported "sale"; purported discounts; market research, relevant consumer surveys, and focus groups; sales; all documents, communications, and electronically stored information, concerning the distribution and sale of the Products; and all communications with customers concerning complaints or comments related to the Products' and their advertised, discounted, and/or sold pricing.

If we do not hear from Defendant within **fifteen (15) days**, we will assume that Defendant will not take the corrective action requested. After thirty (30) days of receipt of this letter, we will amend the attached complaint to include a claim for monetary damages under the CLRA pursuant to California Civil Code section 1782(d).

We are available if you want to discuss the issues raised in this letter.

Thank you for your attention to this matter.

Sincerely,

CLRA Demand Letter
October 16, 2025
Page 7 of 7

Brandon Brouillette
CROSNER LEGAL, P.C.

Enclosure(s): Class Action Complaint


cc      Eva Yang <eva.yang@nortonrosefulbright.com>
        Jeffrey Margulies <jeff.margulies@nortonrosefulbright.com>